IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES PLAISIR,

    Petitioner,

v.

                                          Criminal Action No. 3:09cr15
                                          Civil Action No. 3:16cv131
                                          (Judge Bailey)

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On September 12, 2016, the *pro se* Petitioner, an inmate incarcerated at the ICE Detention Center in the Glades County Detention Center in Moore Haven, Florida, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 109. The motion was not on a court-approved form. That same day, the Clerk of the Court mailed the Petitioner a Notice of Deficient Pleading, which informed him he had twenty-one (21) days to correct his Motion by filing it on the correct form in accordance with Local Rule of Prisoner Litigation Procedure ("LR PL P") 3.4. [ECF No. 73]. On September 30, 2016, Petitioner moved for an extension of time in which to comply with the deficiency notice. ECF No. 114. By Order entered October 4, 2016, Petitioner's motion was granted. ECF No 115. On October 21, 2016, Petitioner filed a Motion to Withdraw Motion to Vacate Under 28 U.S.C. § 2255. ECF No. 117. Along with the Motion, Petitioner filed an Amended § 2255 Motion. ECF No. 118. The Amended Motion was also not on a court-approved form. By Order entered October 24, 2016, Petitioner's motion to withdraw his § 2255 Motion and replace with an amended § 2255 Motion was construed as a motion to amend and granted, but the amended motion was stricken for its failure to comply with LR PL P 3.4, and Petitioner was again directed to file his § 2255 Motion on a court-approved form. ECF No. 119.

Petitioner filed his court-approved form amended § 2255 Motion on November 8, 2016. ECF No. 121.

The undersigned now issues this Report and Recommendation on Petitioner's motion without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss Petitioner's motion [ECF No. 121] under 28 U.S.C. §2255.

## II. Facts

### A. Conviction and Sentence

The Petitioner was charged as the sole defendant in a three-count indictment on March 17, 2009. ECF No. 1. On January 12, 2010, Petitioner entered a plea of guilty to Count 3 of the indictment, charging him with distribution of 3.32 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). [ECF No. 42]. The Petitioner's plea agreement contained a waiver of the right to appeal his sentence which was within the maximum provided in the statute of conviction or in the manner in which that sentence was determined, and also waived his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255. ECF No. 40 at 4. On March 29, 2010, the sentencing Judge sentenced the Petitioner to a term of 151 months incarceration to be followed by three years supervised release. ECF No. 49.

### B. Direct Appeal

Petitioner timely appealed. On appeal, Petitioner challenged his sentence, arguing that the district court had incorrectly determined the quantity of crack cocaine for which he was responsible. By unpublished *per curiam* opinion entered on December 6, 2010, the appeal was dismissed because Petitioner had waived his appellate rights incident to his plea agreement. ECF No. 70. Petitioner did not pursue a petition for writ of *certiorari* with the United States Supreme Court.

### C. Federal Habeas Corpus and Post Conviction Proceedings.

On April 9, 2010, only five days after filing his notice of appeal, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 54. In that motion, Petitioner asserted two grounds for relief, seeking to contest the testimonial evidence that was used against him in court and to contest the drug weight that his relevant conduct was based upon. A Report and Recommendation ("R&R") was issued on April 13, 2010, recommending that Petitioner's § 2255 motion be dismissed without prejudice as premature. ECF No. 60. By Order entered May 14, 2010, the R&R was adopted and Petitioner's § 2255 was dismissed. ECF No. 65.

On July 21, 2011, Petitioner filed a letter motion seeking a sentence reduction pursuant to the Fair Sentencing Act of 2010. ECF No. 75. By Orders entered November 1, 2011, Petitioner's sentence was reduced to 110 months. ECF No. 77 & 78.

By Orders entered *sua sponte* on January 30, 2015, pursuant to Amendment 782, Petitioner's sentence was reduced again, to 92 months. ECF Nos. 79 & 80.

On September 12, 2016, Petitioner filed what is his numerically second Motion to Vacate under 28 U.S.C. § 2255 [ECF No. 109], but for purposes of this R&R, will be treated as his first. In his court-approved amended motion, Petitioner raises the following claims of counsel's ineffectiveness:

> 1) at his March 29, 2010 sentencing hearing, counsel was unaware of Petitioner's nationality and/or immigration status and misadvised the court regarding the same, referring to him as an African American [ECF No. 121-1 at 3 and ECF No. 121 at 5];
>
> 2) at sentencing, counsel did not raise the argument that a witness was a frequent drug user whose memory and credibility were questionable [ECF No. 121 at 6 and ECF No. 121-1 at 3];
>
> 3) during the officer's testimony at sentencing, he did not testify to or confirm how much cocaine the confidential informant gave him, or how often the informant gave him cocaine, and counsel failed to inquire as to the same. ECF No. 121 at 8 and ECF No. 121-1 at 3 – 4; and

4) counsel was ineffective pursuant to Padilla v. Kentucky,[1] for not advising him of the immigration consequences of his plea; he would not have entered the plea if he had known it would subject him to deportation but would have insisted on going to trial. ECF No. 121-1 at 4 – 6.

5) Therefore, his plea was involuntary and was obtained in violation of his procedural due process rights. ECF No. 121-1 at 5.

Petitioner left blank the question on the court-approved form regarding the timeliness of his motion. ECF No. 121 at 13. Further, in the form motion, Petitioner asked for no specific relief. Id. at 13 – 14. However, in his attached memorandum, he requests that his adjudication be set aside, his case be reopened, and to "waive the petitioner's appeal to not be present for the purposes of resolving this case . . . to place this matter on calendar call to mitigation for the purposes to lower and receive a sentence." ECF No. 121-1 at 6.

## D. Recommendation

Based upon review of the record, the undersigned recommends that the Petitioner's Motion be denied and dismissed from the docket because it is untimely.

## III. Analysis

As noted above the Petitioner waived his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255.

Regardless of this waiver, Petitioner's Motion under U.S.C. § 2255 is also grossly untimely.

Under 28 U.S.C. § 2255(f), a one year limitation applies to motions brought under that section. This one year period runs from the latest of the following:

> 1) the date on which the judgment of conviction becomes final;
>
> 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[1] Padilla v. Kentucky, 559 U.S. 356 (2010).

> 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1-4).

Inasmuch as the Petitioner's appeal was denied by the Fourth Circuit Court of Appeals on December 6, 2010, and he did not petition for a writ of *certiorari,* the one-year period has long passed. Although AEDPA does not define when a judgment of conviction becomes final, the Fourth Circuit has determined that a conviction is final on the date upon which Petitioner fails to pursue further direct appellate review. See Id. at 142 (citing United States v. Torres, 211 F.3d 836, 838 (4th Cir. 2000)). The Fourth Circuit's opinion on Petitioner's appeal was entered on December 10, 2010. [ECF. No. 70]. Petitioner declined to pursue *certiorari,* therefore his conviction became "final" for the purposes of § 2255(f)(1) ninety (90) days later, on March 7, 2011. See Clay v. United States, 537 U.S. 522 (2003). Petitioner then had one year, or until March 7, 2012, to timely file a § 2255 Motion. However, he did not file his Motion until September 12, 2016, more than four (4) and a half years after the one-year statute of limitations.

Moreover, Petitioner's Padilla claim is unavailing. Padilla held that an ineffective assistance of counsel claim under the Sixth Amendment could be based on the failure to inform a criminal defendant of the immigration consequences of a criminal conviction before entering into a plea agreement. However, Padilla was decided on March 31, 2010, two and a half months after Petitioner had already entered his January 12, 2010 plea, and two days after Petitioner was sentenced. Three years after deciding Padilla, the Supreme Court decided that under the principles of principles set out in Teague v. Lane, 489 U.S. 288 (1989), Padilla should not apply retroactively to criminal convictions entered before March 2010. See Chaidez v. United States, 133 S. Ct. 1103, 1113 (2013). Thus, 28 U.S.C. § 2255(f)(3) affords Petitioner no relief.

Finally, the undersigned notes that before Petitioner's one-year period of limitation to timely file a § 2255 motion had expired on March 7, 2012, on October 28, 2011, while incarcerated at FCI Cumberland, Petitioner received Detainer Action Letter from United States Immigration and Customs Enforcement, in which he was advised of his possible deportation. ECF No. 109-1. Despite being aware of the potential immigration consequences of the plea he had entered, Petitioner *still* waited four years and ten and a half months to file the instant September 12, 2016 motion to vacate. Accordingly, even if Padilla had been retroactively applicable to cases on collateral review, Petitioner could not have availed himself of it, because he did not show the requisite due diligence required by 28 U.S.C. § 2255(f)(4).

` "When a federal habeas court, prior to trial, perceives a *pro se* § 2255 petition to be untimely and the Government has not filed a motion to dismiss based on the one- year limitations period, the court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation that it is timely based on equitable tolling principles or any of the circumstances enumerated in § 2255(f)." Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); *U.S. v. Sosa*, 364 F.3d 507 (4th Cir. 2004).

Accordingly, Petitioner is hereby notified that his section 2255 action will be dismissed as untimely, unless he can demonstrate, within the objection period described below, that his petition can be salvaged by § 2255(f)(3) or the principle of equitable tolling.

### V. Recommendation

Based upon review of the record, the undersigned recommends that the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 121] be **DENIED** and **DISMISSED** because the Petitioner's motion is untimely.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A

copy of any objections shall also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); *cert denied*, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: November 23, 2016

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE