**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**JAMES PLAISIR,**

       Petitioner,

v.

                               **CIVIL ACTION NO. 3:16-CV-131
                               CRIMINAL ACTION NO. 3:09-CR-15
                               (BAILEY)**

**UNITED STATES OF AMERICA,**

       Respondent.

**ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION**

I.     Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By Local Rule, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on November 23, 2016 [Crim. Doc. 122 / Civ. Doc. 9]. In that filing, the magistrate judge recommended that this Court dismiss this § 2255 petition [Crim. Doc. 121 / Civ. Doc. 1 & 8] as untimely.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The docket reflects that service was accepted on November 28, 2016. See Crim. Doc. 123. Petitioner timely filed his Objections [Crim. Doc. 124] and Amended Objections [Doc. 125]. Accordingly, this Court will conduct a *de novo* review of the report and recommendation.

II.  Factual and Procedural History

According the Presentence Investigation Report, petitioner Plaisir was born in Haiti on January 3, 1979 [Doc. 47 at p. 20, ¶ 84]. At some point, possibly around age 13, he moved to Vero Beach, Florida to live with his mother [Id. at ¶ 85]. He was issued a Permanent Resident Card in 1993 [Id.].

On March 17, 2009, petitioner was charged as the sole defendant in a three-count Indictment; each count charged him with distribution of cocaine base [Doc. 1]. On January 12, 2010, petitioner pleaded guilty to Count Three of the Indictment, charging him with distribution of 3.32 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) [Doc. 42]. The undersigned Judge sentenced petitioner on March 29, 2010, to a term of 151 months' incarceration, to be followed by three (3) years of supervised release. Through a series of amendments to the Sentencing Guidelines, petitioner's sentence was eventually reduced to 92 months.

Petitioner filed a timely appeal. The same was dismissed on December 6, 2010, based on his appellate waiver [Doc. 70]. He did not pursue *certiorari*.

Petitioner claims ineffective assistance of counsel in light of **Padilla v. Kentucky**, 559 U.S. 356 (2010). **Padilla** held that an ineffective assistance of counsel claim under the Sixth Amendment could be based on the failure to inform a defendant of the immigration consequences of a criminal conviction before entering into a plea agreement. The record presently before this Court is devoid of any such notice to Mr. Plaisir. Finally, Mr. Plaisir asserts that he would not have entered into his plea had he known it would result in his deportation.

III.  Analysis

The Report and Recommendation suggests the § 2255 is untimely. This Court believes this finding is premised on two errors. First, the R&R states that the petitioner left blank the answer to the question on the court-approved form regarding timeliness pursuant to AEDPA [Doc. 122 at 4]. The petitioner, however, attached thereto an additional seven pages explaining his petition [Doc. 121-1]. While not completing a well-reasoned argument as to why his § 2255 motion falls outside the typical one-year time limitation, on page 5 he states that "[p]rior to receiv[ing] notice from the department of Homeland Security [on or about 9/9/2016], petitioner was not aware that his earlier plea in criminal matters would result in immigration consequence . . .." Id. at 5. Liberally construing the same, this Court finds the petitioner is asserting a § 2255(f)(4) argument, whereby his motion was brought within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Next, the R&R concludes that petitioner's **Padilla**[1] claim is unavailing because it was not made retroactive and he was sentenced two (2) days before the Supreme Court issued its opinion [Doc. 122 at 5]. Therefore, the R&R concludes that "**Padilla** should not apply retroactively to convictions entered before March 2010." [Id.]. This Court finds such analysis is not necessary in this case. **Chaidez v. United States**, 133 S.Ct. 1103 (2013), held that the Supreme Court announced a new rule in **Padilla**; accordingly, "under **Teague**, defendants whose convictions became final prior to **Padilla** therefore cannot benefit from its holding." In this case, the petitioner's conviction had not yet become "final." The Fourth Circuit has determined that a conviction becomes final on the date petitioner fails to pursue further direct appellate review. See **United States v. Torres**, 211 F.3d 836, 838 (4th Cir. 2000). The Fourth Circuit denied petitioner's direct appeal on December 10, 2010, and he did not pursue *certiorari*; therefore, his conviction became final on March 7, 2011. Accordingly, it would appear the petitioner may be entitled relief under **Padilla**.

The R&R makes one final point why the motion is untimely. It states that

> [O]n October 28, 2011, while incarcerated at FCI Cumberland, petitioner received a Detainer Action Letter from United States Immigration and Customs Enforement, in which he was advised of his possible deportation. Despite being aware of the potential immigration consequences of the plea he had entered, petitioner still waited four years and ten and a half months to file the instant September 12, 2016, motion to vacate. Accordingly, even if **Padilla** had been retroactively applicable to cases on collateral review, petitioner could not have availed himself of it, because he did not show the

---

[1] **Padilla v. Kentucky**, 559 U.S. 356 (2010).

requisite due diligence required by 28 U.S.C. § 2255(f)(4).

This Court finds the above analysis to be deficient for two reasons. First, the aforementioned letter from ICE did not necessarily advise the petitioner of his possible deportation. It "advised" him that "[i]nvestigation ha[d] been initiated to determine whether [he] is subject to removal from the United States." [Doc. 125-1]. The R&R ignores that the same day, the BOP responded to the letter [Doc. 109-1], in which it acknowledged its receipt and directed ICE to review petitioner's PSR for its investigative purposes. The BOP then importantly stated: "If subject is wanted by your department and you wish a detainer placed, it will be necessary for you to forward a certified copy of your warrant to us along with a cover letter stating your desire to have it lodged as a detainer. If you have no further interest in the subject, please forward a letter indicating so." [Id.]. No further correspondence appears in the record until the September 9, 2016, Notice to Appear [Doc. 125-2]. Under these circumstances, this Court is not convinced that the petitioner was dilatory in filing his motion. Nothing in the October 28, 2011, correspondence indicates that petitioner was subject to deportation.

At most, on October 28, 2011, the petitioner might have believed that he *could* be deported. In **United States v. Akinsade**, 686 F.3d 248 (2012), however, the Fourth Circuit held that such is not enough. Similar to **Akinsade**, the correspondence "did not 'properly inform'" the petitioner that his specific conviction came with mandatory deportation. This Court believes the requisite information came along with the September 9, 2016, Notice to Appear for removal, upon which petitioner promptly acted by filing the instant Motion to Vacate.

## Conclusion

Upon careful review of the above, this Court **DECLINES TO ADOPT** the magistrate judge's **Report and Recommendation [Crim. Doc. 122 / Civ. Doc. 9]**. As such, this Court **ORDERS** that this matter be **REFERRED** back to the magistrate Court for further proceedings.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** February 28, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE